In re JOINT EASTERN AND SOUTH-
ERN DISTRICTS ASBESTOS
LITIGATION.

In re JOHNS–MANVILLE
CORPORATION, et al.,
Debtors.

Bernadine K. FINDLEY, as Executrix of
the Estate of Hilliard Findley, Uma
Lail Caldwell, as Executrix of the Es-
tate of Odell Caldwell, Edward Lindley,
Joseph C. Jones and James William
Barnette, Jr., on behalf of themselves,
and all others similarly situated as ben-
eficiaries of the Manville Personal In-
jury Settlement Trust, Plaintiffs,

v.

Donald M. BLINKEN, Daniel Fogel,
Francis H. Hare, Jr., Christian E. Mar-
key, Jr. and John C. Sawhill, not indi-
vidually but solely in their capacities as
Trustees of the Manville Personal Inju-
ry Settlement Trust, Defendants.

Index No. 4000.
Bankruptcy Nos. 82 B 11656 (BRL)
through 82 B 11676 (BRL).
Civ. A. No. 90–3973.

United States District Court,
E.D. and S.D. New York.

Dec. 7, 1990.

See also 120 B.R. 648.

ORDER APPOINTING EXPERT PURSU-
ANT TO RULE 706 OF FEDERAL
RULES OF EVIDENCE

WEINSTEIN, District Judge:

The proposed settlement contains provi-
sions for the preparation of projections
about the incidence of future diseases and
deaths due to asbestos exposure, and about
the volume and nature of claims that will
be asserted against the Manville Personal
Injury Settlement Trust (the "Trust").
Consequently, in preparation for the fair-
ness hearings pursuant to Rule 23(e) of the
Federal Rules of Civil Procedure, the court
seeks to explore the feasibility of develop-
ing a statistical model that will ensure reli-
able projections.

The necessary calculations are complex.
They must incorporate factors such as the
long latency period of asbestos-related dis-
eases, the different asbestos-implicated dis-
eases involved, differing exposure and dose
response rates, changing patterns of asbes-
tos usage, and trends in the filing of asbes-
tos claims. Arriving at accurate estimates
will require input from many different spe-
cialized disciplines such as epidemiology,
statistics, and economics.

In light of the many difficult issues that will have to be resolved in the course of gathering pertinent data and performing specialized analyses a neutral expert and panel of neutral experts is required. The court has power to appoint such experts. *See* Rule 706 of Federal Rules of Evidence. It is ordered that

1. Professor Margaret A. Berger, Brooklyn Law School, 250 Joralemon Street, Brooklyn, N.Y. 11201 ((718) 780–7941) be, and hereby is appointed as an expert pursuant to Rule 706 of the Federal Rules of Evidence. A copy of her resume is attached.

2. Professor Berger is empowered and charged with reporting to the court

a. on the feasibility of providing accurate estimates of future claims upon the Trust,

b. on procedures for the collection and tabulation of relevant information with regard to claimants, and for the establishment and maintenance of a data base that will facilitate the estimation of future claims when Trust assets are sold.

3. In connection with the foregoing tasks, Professor Berger is empowered

a. to aid the court in selecting an appropriate panel of knowledgeable and neutral experts pursuant to Rule 706 of the Federal Rules of Evidence,

i. by soliciting recommendations from the parties as to knowledgeable and neutral experts who should be appointed to the panel,

ii. by advising the court about the parties' recommendations and making her own recommendations about knowledgeable and neutral experts to be appointed to the panel;

b. to supervise, organize and co-ordinate the work of the panel after members of the panel are appointed by the court;

c. to act as a conduit between the parties and the panel, and the panel and the court,

i. by obtaining data from the parties relevant to the work of the panel,

ii. by soliciting the parties' views with regard to the work plan of the panel;

d. to undertake such further tasks with regard to estimating future claims as the court may direct.

4. Compensation allowed Professor Berger for her services shall be fixed by an order of the court whenever it may appear appropriate to do so.